**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DANIEL PEREZ RONDON,** | **Civil Action No. 26-3550 (SDW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **MARKWAYNE MULLIN, et al.,** | |
| **Respondents.** | |

**IT APPEARING THAT:**

1.      Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Daniel Perez Rondon, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility in Newark, New Jersey. ("Delaney Hall").  (ECF No. 1).

2.      Petitioner is a citizen of Venezuela.  (*Id.* ¶ 39).  He entered the United States in July 2021 and was detained by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE").  (*Id.*).  He was released on parole on August 11, 2021.  (ECF No. 1-2 at 3).

3.      Petitioner applied for asylum on January 11, 2022.  (ECF No. 1 ¶ 40).

4.      Petitioner received a notice scheduling him for a credible fear interview on April 1, 2026 before an asylum officer.  (*Id.* ¶ 46).  After the interview, Petitioner was informed that he was in expedited removal proceedings.  (*Id.* ¶ 47).  The asylum officer concluded that he did not have a credible fear of persecution and ordered him removed.  (*Id.*)

5.      Petitioner was detained at that appointment and taken to Delaney Hall.  (*Id.* ¶ 48).

6.      An immigration judge vacated the asylum officer's credible fear finding on April 6, 2026.  (ECF No. 5-4 at 1-2).

7.      On April 7, 2026, DHS issued a Notice to Appear ("Notice") directing Petitioner to appear for removal proceedings pursuant to 8 U.S.C. § 1229 on April 20, 2026.  (ECF No. 5-6 at 1, 3).

8.      The Notice charged Petitioner as a noncitizen "who, at the time of application for admission, [was] not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document … ."  (*Id.* at 4).

9.      In his Petition, Petitioner alleges violations of his due process rights and the Immigration and Nationality Act ("INA").  (ECF No. 1 ¶¶ 50-56).

10.      Respondents filed an answer on April 9, 2026 arguing that Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(1) because he "was (i) apprehended at a port of entry or near the border, (ii) placed into expedited removal proceedings, and (iii) established credible-fear for an asylum claim.  Petitioner thus falls under the mandatory detention requirements of § 1225(b)(1)."  (ECF No. 5 at 2).

11.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

12.      Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process.  Therefore, this Court has habeas jurisdiction over his claims.  *Trump v. J. G.*

2

*G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

13.     Petitioner was detained by Border Patrol shortly after crossing the border on July 24, 2021 and was released on parole into the United States pursuant to 8 U.S.C. § 1182(d)(5). (ECF No. 5-1 at 2; ECF No. 5-3 at 1).

14.     The July 25, 2021 encounter summary Form I-213 indicates that Petitioner was "being processed for Expedited Removal - Credible Fear Referral." (ECF No. 5-1 at 2). However, the Notice and Order of Expedited Removal was never signed or served on Petitioner. (ECF No. 5-2),

15.     Furthermore, Petitioner was permitted to apply for asylum in 2022 and paid the new asylum fee on October 15, 2025. (ECF Nos. 1-3, 1-4). "If Petitioner was really in expedited removal proceedings, he would not have been able to apply for asylum until after he passed a credible fear interview with a positive finding." (ECF No. 6 at 2 (citing 8 C.F.R. § 208.30(f)).

16.     "Each action is inconsistent with the maintenance of a live, unexecuted expedited removal order." *Cifuentes v. Soto*, No. 25-cv-18029, 2025 WL 3771380, at *2 (D.N.J. Dec. 31, 2025). "DHS cannot now retroactively resurrect that order to justify detention under § 1225(b) absent evidence that the order ever took legal effect." *Id.*

17.     Accordingly, this Court concludes that Petitioner is being unlawfully detained under § 1225 because Petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond. *See Patel v. Almodovar*, No. 25-cv-1534, 2025 WL 3012323, at *3-4 (D.N.J. Oct. 28, 2025).

3

18.    This Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, post hoc justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later.  "The Constitution does not permit the United States Government to target people on the streets, arrest them without serving any papers, deny them meaningful due process, and detain them for arbitrary or indefinite periods of time while they engage in phishing expeditions to justify the arrests."  *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 373 (S.D.N.Y. 2019); *see also Urquilla-Ramos v. Trump*, __ F. Supp. 3d __, No. 2:26-cv-00066, 2026 WL 475069, at *17 (S.D.W. Va. Feb. 19, 2026) ("Due process is not satisfied by the existence of legal authority somewhere in the United States Code.  It is satisfied only through constitutionally adequate procedure."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit [r]espondents' new position as to the basis for . . . detention, which was adopted post hoc and raised for the first time in this litigation."); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "post hoc justifications for detention").

19.    Therefore, this Court will grant the Petition and order Petitioner's release.

20.    An appropriate order follows.

_____
Hon. Susan D. Wigenton,
United States District Judge
Dated: April 24, 2026

4